# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN C. FLETCHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-10-190-M |
| | ) | |
| MICHAEL W. ROACH, United States Marshal for the Western District of Oklahoma,[1] | ) ) ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner John C. Fletcher, a federal pretrial detainee appearing *pro se*, has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently awaiting trial on federal criminal charges pending before this Court. *See United States v. Fletcher*, Case No. CR-09-21-M. This is the second § 2241 petition filed by Petitioner challenging matters relating to his pending criminal case. The matter has been referred for initial proceedings consistent with 28 U.S.C. 636(b)(1)(B), and the petition has been promptly examined pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[2] It is recommended that the petition be summarily dismissed.

---

[1]Although Petitioner is housed in the Grady County Jail, his current custodian, and proper respondent in this case, is the United States Marshal for the Western District of Oklahoma. Art Kale, Grady County Sheriff, is dismissed as a respondent.

[2]Rule 4 may be applied in the Court's discretion to actions brought pursuant to Section 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts. *See also Boutwell v. Keating*, 399 F.3d 1203, 1210 n. 2 (10th Cir. 2005) (district court acted within its discretion in applying the Section 2254 Rules to prisoner's § 2241 petition) (*citing* Rule 1(b)).

**I.     BACKGROUND**

Petitioner is a federal pretrial detainee in the custody of the U.S. Marshal. He has been indicted on numerous charges involving the possession, sale and manufacture of drugs and possession of a firearm, and his trial is currently set on the Court's May 2010 trial docket. *See* Order dated February 25, 2010, Case No. CR-09-21-M [Doc. # 544].[3] Mr. Fletcher is represented by court-appointed counsel in his criminal case.

During the pendency of his criminal case, Mr. Fletcher filed a prior habeas action that was recently terminated by order and judgment of this Court. In that case, Petitioner submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that several violations of his constitutional rights were occurring in the context of the pending criminal case against him, including alleged violation of his right to a speedy trial. *See* Petition in Case No. CIV-09-1380-M, Western District of Oklahoma [Doc. #1].[4] The Magistrate Judge to whom that case was referred recommended that the petition be dismissed upon filing for failure to exhaust remedies available in his pending criminal proceeding. *See* Report and Recommendation entered by The Honorable Doyle Argo on February 17, 2010, CIV-09-1380-M [Doc. #12]. No objection was filed, and the Report and Recommendation was adopted on March 16, 2010. By order and judgment of the Court, the action was

---

[3]The Court takes judicial notice of the docketed proceedings in Case No. CR-09-21-M, United States v. John Charles Fletcher, Western District of Oklahoma.

[4]The Court also takes judicial notice of the docketed proceedings in Case No. CIV-09-1380-M, John Fletcher v. United States, Western District of Oklahoma.

dismissed without prejudice. *See* Order and Judgment, Case No. CIV-09-1380-M [Doc. ##14, 15].

On February 19, 2010, two days after Judge Argo entered his Report and Recommendation, Petitioner filed a second habeas petition *pro se* in his pending criminal case. *See* Petition for Writ of Habeas Corpus, Case No. CR-09-21-M [Doc. #541]. The Court entered an order striking the habeas petition from the record of the criminal case and directed the Court Clerk to file the petition as a new civil case. *Id.* Order dated February 24, 2010 [Doc. #543]. The Court Clerk thereafter docketed the petition as a new case, thereby commencing the instant action. In this second habeas petition, Petitioner asserts a single claim, alleging violation of his 6th Amendment right to a speedy trial. He states he has been imprisoned for nearly one year without trial. As with the prior habeas petition, this action should be dismissed for failure to exhaust available remedies.

**II.   ANALYSIS**

The same legal analysis applied to Petitioner's prior habeas action also applies to this action and requires dismissal of the petition. To be eligible for federal habeas relief pursuant to § 2241, a federal pretrial detainee must first exhaust other available remedies. *See, e.g., Jones v. Perkins*, 245 U.S. 390, 391-92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). As the Tenth Circuit explained in *Hall v. Pratt*, 97 Fed. Appx. 246 (10th Cir. April 7, 2004) (unpublished op.):

> The reasons for this requirement are rooted not in comity (as with state prisoners), but in concerns for judicial economy. Allowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work and would encourage "judge shopping." Mr. Hall's petition presents precisely these dangers as the trial court had no opportunity to rule on the issues Mr. Hall raises.

*Id*. at 247 (district court properly found § 2241 petitioner failed to exhaust claims alleging violation of speedy trial rights and forged indictment because petitioner could have brought these issues before the trial court in pending criminal proceeding). The same reasoning was applied in *Chandler v. Pratt*, 96 Fed. Appx. 661, 662 (10th Cir. May 14, 2004) (unpublished op.) In *Chandler*, the petitioner contended, much like Petitioner does here, that he was being denied his right to a speedy trial. The Court stated:

> To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee usually must exhaust other available remedies. . . . Here, all the claims petitioner attempted to raise in his § 2241 petition should have been, and apparently were being, pursued in the criminal action. To allow petitioner to bring the same claims before another judge in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping. The district court properly dismissed petitioner's claims without prejudice for failure to exhaust, and there was no arguable basis in law or fact for appealing that decision.

*Id.* at 662. *See also Clark v. Revel*, No. CIV-09-228-M, 2009 WL 763487 at *2 (W.D. Okla. March 19, 2009) (Purcell, M.J.) ("Petitioner's challenges to the federal criminal proceeding can and should be brought in the criminal matter, in an appeal to the Tenth Circuit Court of Appeals of pretrial decisions as allowed under federal law, or, should he be convicted, in an appeal following conviction.").

In sum, Petitioner cannot proceed with his speedy trial claim in a collateral habeas action while his criminal case is pending. The Court notes that Petitioner is in fact in the process of pursuing remedies in his criminal case regarding his continued detention pending trial. *See* Defendant's Motion for Bond Review [Doc. #560] and Order of Referral of Motion to Judge Bacharach [Doc. #561]. Further, Petitioner is able to pursue any meritorious request for relief relating to his right to speedy trial by filing appropriate motions in that case through his counsel of record. Petitioner has not exhausted the remedies available within the criminal proceeding and, therefore, his petition for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed.

## RECOMMENDATION

It is recommended that the petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be summarily dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Any such objections should be filed with the Clerk of the District Court by April __22nd__, 2010. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The Court Clerk is directed to transmit a copy of this Report and Recommendation to the U.S. Attorney's Office on behalf of the Respondent for informational purposes.

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this  1st  day of April, 2010.

*Valerie K. Couch*

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE